IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | * | |
| | * | |
| v. | * | CRIM. NO. 02:06cr152-WHA |
| | * | |
| HAROLD OLENDA PEAGLER | * | |

### DEFENDANT HAROLD OLENDA PEAGLER'S OBJECTION TO GOVERNMENT'S MOTION TO CONTINUE SENTENCING

Comes now the defendant Harold Olenda Peagler, by and through counsel and objects to the government's Motion to Continue Sentencing, and as grounds therefor says as follows:

1. Defendant Peagler and the government engaged in plea negotiations for weeks prior to the entry of a blind plea in this cause.

2. Counsel for the government provided a draft plea agreement on October 10, 2006, that required Defendant to concede that he committed a crime in the course of possessing a firearm after having been previously convicted of a felony. Defendant declined to enter such agreement. Such was communicated to the government at the time and the government knew prior to the entry of the plea that Defendant Peagler intended to contest, at sentencing, the factual allegation that a "victim" was injured and that the Defendant committed a separate crime with the firearm. The Defendant objections to the presentence report reflect that position.

3. Attached hereto and incorporated by reference are pertinent pages of the draft

plea agreement. The government's claim that it suddenly discovered Defendant's objections is disingenuous at best.

**WHEREFORE,** Defendant Peagler objects to continuance.

Respectfully submitted this 2nd day of January, 2007.

s/Bruce Maddox
Bruce Maddox (MAD013)
Attorney for Harold Olenda Peagler
6728 Taylor Court
Montgomery, Alabama 36117
Phone: (334) 244-7333
Fax: (334) 260-9600

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of January, 2007, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to appropriate parties.

s/Bruce Maddox
Of Counsel



# U.S. Department of Justice

*United States Attorney*
*Middle District of Alabama*

One Court Square, Suite 201  
Post Office Box 197  
Montgomery, Alabama 36101-0197

Telephone: 334/223-7280  
Fax: 334/223-7560  
Fin Lit Fax: 334/223-7201  
Civil Fax 334/223-7418  
Criminal Fax: 334/223-7135

Date: 10/10/06

FAX (334) 260-9600  Telephone:

### FACSIMILE TRANSMISSION COVER PAGE

TO: Bruce Maddox

FROM: Chris Snyder

ORGANIZATION: United States Attorney, Middle District of Alabama
One Court Square, Suite 201, Montgomery, AL 36104
Telephone: 334/223-7280    FAX: 334/223-7560

NO. OF PAGES: -9-    (EXCLUDING THIS COVER SHEET)

CONTENTS: Draft Plea Agreement

NOTE: If you do not receive the total number of pages indicated, please call the sending individual listed above.

### PRIVILEGED NOTICE

THE INFORMATION TRANSMITTED IN THIS TELEFAX MAY CONTAIN LEGALLY PRIVILEGED INFORMATION BELONGING TO THE SENDER. THIS TELEFAX TRANSMISSION OF PRIVILEGED INFORMATION IS INTENDED TO BE USED ONLY BY THE PERSON OR AGENCY NOTED ABOVE.

IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISTRIBUTION, OR THE TAKING OF ANY ACTION IN RELIANCE ON THE INFORMATION CONTAINED IN THIS TELEFAX IS STRICTLY PROHIBITED.

IF YOU HAVE RECEIVED THIS TELEFAX IN ERROR, PLEASE NOTIFY THE SENDER

IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )   CR. NO. 2:06-CR-152-WHA |
| | ) |
| HAROLD OLENDA PEAGLER | ) |

### PLEA AGREEMENT

DEFENSE COUNSEL:          R. BRUCE MADDOX

ASSISTANT U.S. ATTORNEY:   CHRISTOPHER A. SNYDER

### COUNT AND STATUTE CHARGED:

Counts 1, 2, and 3:   18 U.S.C. § 922(g)(1) (Felon in Possession)

### COUNT PLEADING PURSUANT TO PLEA AGREEMENT:

Counts 1 and 2:   18 U.S.C. § 922(g)(1) (Felon in Possession)

### PENALTIES PER COUNT – MAXIMUM PENALTY:

Counts 1 and 2:   Sentence for each Count: a term of imprisonment of not more than ten years, but if previously convicted of three violent felonies or serious drug offenses, then a term of imprisonment of not more life; and a fine of not more than $250,000, or both; a term of supervised release of not more than three years, but if previously convicted of three violent felonies or serious drug offenses, then term of supervised release of not more than five years; an assessment fee of $100 per count; and an order of restitution.

### ELEMENTS OF THE OFFENSE

Counts 1 and 2:

1. The defendant knowingly possessed a firearm or ammunition in or affecting interstate commerce, as charged; and

2. Before the defendant possessed the firearm or ammunition, the defendant had been convicted in a court of a crime punishable by imprisonment for a term in excess of one year, that is, a felony offense.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Christopher A. Snyder, Assistant United States Attorney, and R. Bruce Maddox, attorney for the defendant, pursuant to Rule 11(c)(1)(A) and 11(c)(1)(C), Federal Rules of Criminal Procedure, as Amended, have, with the authorization of the undersigned defendant, entered into discussions with a view towards reaching a pretrial conclusion of the charges pending in the Indictment in this case and a Plea Agreement has been reached by said parties. The plea is being submitted to the Court pursuant to Federal Rule of Criminal Procedure 11(c)(1)(A) and 11(c)(1)(C), and the parties understand that, if the terms of the Plea Agreement are not accepted by the Court, the defendant will be allowed to withdraw the defendant's plea of guilty and proceed to trial. If the Court accepts this agreement, however, and defendant thereafter breaches this agreement, his guilty plea may not be withdrawn.

**GOVERNMENT'S PROVISIONS**

1. For purposes of the calculation of defendant's offense level under the United States Sentencing Guidelines, the government agrees that:

   a. Pursuant to U.S.S.G., App. A of the 2005 Sentencing Guidelines, the applicable guideline is U.S.S.G. § 2K2.1.

   b. Because the defendant used a firearm in the connection with the commission of another offense, the attempt of which is expressly covered by another Guideline, a cross reference to U.S.S.G. § 2A2.1 (Assault with Intent to Commit Murder) is appropriate. See U.S.S.G. §§ 2K2.1(c)(1)(A) and 2X1.1(c)(1).

   [handwritten: Not Acceptable! →]

   c. The Base Offense Level is therefore 27. See U.S.S.G. § 2A2.1(a)(2).

   d. A four level enhancement is appropriate because the victim sustained life-threatening bodily injury. See U.S.S.G. § 2A2.1(b)(1)(A).

   e. The 2-level decrease for acceptance of responsibility is applicable. See

[watermark: DRAFT]

U.S.S.G. § 3E1.1(a), so long as, between the date of this agreement and the date of sentencing, defendant does not obstruct justice, commit any new federal or state offenses, or otherwise fail to accept responsibility for the offense conduct.

 f. The government will move for an additional 1-level decrease based on defendant's timely notification of his intent to plead guilty. See U.S.S.G. § 3E1.1(b).

 g. No other adjustments are applicable.

2. The government agrees, with the defendant, to a sentence at the low end of the applicable Guideline's range.

3. At sentencing, the Government will move to dismiss Count 3 of the Superceding Indictment.

4. The United States reserves the right to inform the Court and the Probation Department of all facts pertinent to the sentencing process, including all relevant information concerning the offense and the defendant's background.

### DEFENDANT'S PROVISIONS

1. The defendant agrees to plead guilty to Counts 1 and 2 of the Superceding Indictment.

2. The defendant agrees with the calculation of the offense level and the sentence as set forth in paragraphs 1, 2, and 3 of the government's provisions.

3. The defendant further agrees to the following:

 a. To forfeit any and all firearms in his possession.

 b. To not commit state, federal, or local crimes.

 c. To waive appeal and collateral attack as detailed below.