IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) CR. NO. 2:06-CR-152-WHA |
| v. | ) |
| | ) |
| HAROLD OLENDA PEAGLER | ) |
| | ) |

**United States's Reply to Defendant's Objection to Continuing Sentencing**

Defendant Harold Peagler's response[1] to the Government's Motion to Continue Sentencing contains a personal and direct attack at the prosecutor in this case. The Government, however, will not engage in such tactics, preferring instead to base its motion[2] and reply on the facts of the case:

1. On July 20, 2006, Peagler's counsel entered his notice of appearance. On July 26, 2006, Peagler had his arraignment, and on September 25, 2006, Peagler had his final pretrial conference. After both of these hearings, the Government and Peagler's counsel engaged in informal settlement discussions. Telephonic discussions were also held in between these court hearings.

2. On or about October 10, 2006, the Government sent defense counsel a proposed plea agreement. Sometime shortly after receiving it, the United States received a phone call from defense counsel. During that phone call, it is the Government's recollection

---

[1] Doc. 36.

[2] Doc. 35.

that the defendant, through defense counsel, wanted to reject the plea agreement based upon the four, rather than two, level enhancement for injury under U.S.S.G § 2A2.1, reasoning that the plea agreement was no better than entering into a blind plea. When the United States refused to accept that concession, defense counsel indicated that he would in fact enter a blind plea.

3. While it may be possible that the defendant made an off-hand reference to the application of U.S.S.G. § 2A2.1, rather than § 2K2.2, sometime during the several months of negotiations, it was not stated as the reason for the rejection of the plea agreement. Moreover, the Government is certain that it has never seen the portion of the plea agreement with a hand written notation stating, "Not acceptable!", found at page six of Peagler's motion. Based upon defense counsel's orally stated reason for rejecting the plea agreement–the degree to injury of the victim–the United States was preparing to call witnesses to discuss that very issue. Thus, when the United States received Peagler's objection to the cross reference to § 2A2.1, it came as a complete surprise.

4. Peagler, however, has not objected to the rationale for the continuance. This is because the Government is entitled to have sufficient time to gather its witnesses and present them at a sentencing hearing. Because of the holidays and today's National Day of Mourning for President Ford–in which federal employees are not working, however, the United States has had a great deal of difficulty contacting witnesses. Moreover, local enforcement officers with the Troy Police Department, who have been assisting with witness round-up, have been on leave during the holidays.

5.      Because Peagler has not made a legitimate objection, the United States believes it has presented sufficient, reasonable grounds for a brief continuance in this matter. It therefore respectfully requests that the Court grant its Motion to Continue.

Respectfully submitted this 2nd day of January, 2006.

                                    LEURA G. CANARY
                                    UNITED STATES ATTORNEY

                                    /s/ Christopher Snyder
                                    CHRISTOPHER A. SNYDER
                                    Assistant United States Attorney
                                    One Court Square, Suite 201
                                    Montgomery, AL 36104
                                    Phone: (334)223-7280
                                    Fax: (334)223-7135
                                    E-mail: christopher.a.snyder@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on January 2, 2006, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following: Bruce Maddox.

                                    /s/ Christopher Snyder
                                    CHRISTOPHER A. SNYDER
                                    Assistant United States Attorney