# IN THE DISTRICT COURT OF THE UNITED STATES
## FOR THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

|  |  |  |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | |
| **v.** | ) | **CR. NO.  2:06-CR-152-WHA** |
| | ) | |
| **HAROLD OLENDA PEAGLER** | ) | |
| | ) | |

---

### Sentencing Memorandum in Support for Request for Upward Departure

---

To aid the Court at sentencing, the United States files the attached sentencing memorandum in support of its request for upward departure.[1] The United States requests that the Court depart from the Presentence Investigation Report's (PSI) calculated criminal history category of II[2] to a criminal history category of III because Peagler's PSI's criminal history category underrepresents the seriousness of Peagler's criminal history.

Currently, Peagler's PSI has calculated Peagler as having only two criminal points.[3] Peagler's two underlying offenses, however, are essentially identical to either the substantive or relevant conduct of the current charge.  First, as noted in the PSI, Peagler was convicted

---

[1] This request was first lodged as an objection with the probation officer on December 26, 2006, and has been incorporated into the Probation Officer's amended PSI.  The objection was provided to the defendant in writing on the same day and verbally many months earlier during plea discussions. In the written objection to the probation officer, the United States cited the same reasoning and similar case law to what is presented in this sentencing memorandum.

[2] PSI at ¶35.

[3] *Id.*

of Assault, 2nd, in Alabama state court in March 1995.[4]  In that case–like here–Peagler got

into a verbal argument with another person.  To resolve the argument, Peagler reached into

his car and obtained a .22 caliber rifle, which he then used to shoot his victim in the shoulder.

The victim then had to go to the hospital as the result of his injuries. Peagler, however, only

received probation for this crime.  As a result, the PSI only calculated one criminal history

point instead of the three Pleager normally would have received for such a serious crime.[5]

Peagler also previously was convicted in Alabama state court of illegally possessing

a firearm–the federal equivalent of the charge he is currently facing.  He received three days

imprisonment for this charge, and again only one criminal history point in the PSI.[6]

Because Peagler received lenient sentences in both cases, his criminal history

unrepresents the seriousnesness of the crimes he committed.  The background commentary

to Guideline Section 4A1.3 itself notes that an upward departure may be appropriate in a

circumstance in which a defendant with an who had received "extremely lenient treatment

in the past."  U.S.S.G. § 4A1.3 (2006) (Background).  Moreover, the Eleventh Circuit and

other Circuits have long-recognized that an "[u]pward departure may be appropriate where

the defendant 'had previously received an extremely lenient sentence for a serious offense.'"

*United States v. Phillips*, 120 F.3d 227, 232 (11th Cir 1997) (citing U.S.S.G. § 4A1.3

---

[4] *Id.* at ¶33.

[5] *See* U.S.S.G. §4A1.1 (calculating three criminal history points for a prior crime in which the sentence of imprisonment exceeded on year and one month.)

[6] *Id.* at ¶34.

-2-

(Background)); *see also United States v. Long Turkey*, 342 F.3d 856, 860 (8th Cir. 2003) ("The Guidelines authorize an upward departure when a defendant has previously received a very lenient sentence for a serious offense."); *United States v. Pluta*, 144 F.3d 968 (6th Cir. 1998) (finding that upward departure from sentencing range under guidelines was warranted in sentencing for being a felon in possession of firearm, on ground that criminal history category did not adequately reflect the seriousness of the defendant's past criminal conduct in light of the fact that (1) the state courts provided him a lenient sentence in the hope of rehabilitating him, (2) defendant's probation violations, and (3) defendant's previous conviction of being a felon in possession of a firearm); *United States v. Doucette*, 979 F.2d 1042 (5th Cir. 1992) (District court's upward departure in sentence for possession of firearm by a convicted felon was not unreasonable; district court based departure on determination that criminal history category did not adequately reflect seriousness of defendant's past conduct, and such determination was supported by the record which indicated that defendant received no criminal history points for three prior felony convictions); *United States v. Lara-Banda*, 972 F.2d 958, 959 (8th Cir. 1992) (holding that lenient treatment defendant had received in state court for numerous prior criminal acts justified upward departure); *United States v. Fortenbury*, 917 F.2d 477 (10th Cir. 1990) (holding that district court's two-level departure from criminal history category recommended by federal Sentencing Guidelines was reasonable, given prior lenient treatment afforded to weapons defendant, who had four times been placed on probation or received suspended sentence for his prior felony convictions); *United States v. Jackson*, 903 F.2d 1313 (10th Cir. 1990) (finding that leniency of past

sentence imposed on defendant justified upward departure from Sentencing Guidelines); *United States v. Lang*, 898 F.2d 1378 (8th Cir. 1990) (holding that district court could depart from sentencing guidelines and upgrade defendant's criminal history category based on defendant's commission of series of crimes for which he received probation or other lenient treatment).

Normally, when departing upward from Sentencing Guidelines range, the Court must look first to next criminal history category; if that category adequately reflects defendant's past conduct, then court must state its findings and sentence defendant within range for new category.[7]  *United States v. Williams*, 989 F.2d 1137 (11th Cir. 1993).  Here, Peagler's calculated criminal history is a category II.  If Peagler had been sentenced in a more equitable fashion on both state court charges, he would have received three criminal history points for each conviction, which would have placed in a criminal history category III.  As a result, an upward departure from a criminal history category II to a category III is appropriate.

Respectfully submitted this the 31st day of January, 2006.

LEURA G. CANARY
United States Attorney

/s/ Christopher A. Snyder
CHRISTOPHER A. SNYDER
Assistant United States Attorney
Post Office Box 197
Montgomery, Alabama 36101-0197
334.223.7280
334.223.7135 fax

---

[7] But, if the Court decides that new category is still inadequate to reflect defendant's criminal history, court must look to next highest category and repeat its inquiry. *See Williams*, 989 F.2d 1137.

-4-

christopher.a.snyder@usdoj.gov

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on January 31, 2006, I electronically filed the foregoing with

the Clerk of the Court using the CM/ECF system, which will send notification of such

filing to the following: Bruce Maddox, Esq.

<u>/s/ Christopher Snyder          </u>
CHRISTOPHER A. SNYDER
Assistant United States Attorney

-5-