# MINUTES

IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

W. HAROLD ALBRITTON, SENIOR U. S. DISTRICT JUDGE, PRESIDING, AT MONTGOMERY, AL

| | | |
|---|---|---|
| DATE COMMENCED: February 1, 2007 | AT: | 2:00 p.m. |
| DATE COMPLETED: February 1, 2007 | AT: | 5:30 p.m. |
| | (Court time: 3 hour 10 min) | |

UNITED STATES OF AMERICA          )
                                  )
vs.                               )   CR. No. 2:06cr152-WHA
                                  )
HAROLD OLENDA PEAGLER             )

APPEARANCES:

| GOVERNMENT | DEFENDANT |
|---|---|
| Christopher Snyder | Bruce Maddox |
| John Harmon | |

COURT OFFICIALS PRESENT

| | |
|---|---|
| Risa Entrekin, Court Reporter | Al Lancaster, USPO |
| Elna Behrman, Courtroom Deputy | Scott Wright, USPO |
| Lisa Harden, Law Clerk | |

COURTROOM PROCEEDINGS

(X)   SENTENCING HEARING

Hearing commences.
Defendant is sworn.
Parties state they have reviewed the presentence report.
Court takes up Government's objection as to criminal history category being under-represented.
Government argues objection.
Defendant responds.
After explanation, court states criminal history accurately reflects history and OVERRULES objection.

Court next takes up Defendant's objections #1 and #2.
Defendant's counsel states that because of a pending indictment in Pike County against the Defendant, Defendant
      will be unable to testify regarding facts of the offense regarding objection #1.
Government argues in opposition to objection #2 regarding the three-point enhancement.
After explanation, court OVERRULES Objection #1 and Objection #2 regarding adjustment for acceptance of
      responsibility.
Government presents testimony in support of Defendant's enhancement (Obj. #2).

Court is in recess (3:21 p.m. - 3:30 p.m.)

Testimony resumes.

Court is in recess (3:56 p.m. - 4:07 p.m.)

Testimony resumes.
*In camera* bench conference with Defendant regarding Defendant testifying. Defendant states he wishes to testify.
Defendant presents testimony in opposition to enhancement.
Government makes summary argument.
Defendant makes summary argument.
Court states it has no control over state court matter.
Court finds Government's witnesses to be credible; Defendant used weapon to shoot victim; Defendant shot with intent to kill. Court also finds that the appropriate guidelines were used by the probation officer.

Defendant argues objection #3 regarding incorrect calculation.
Court OVERRULES objection.

Court OVERRULES objection #4.

Court next takes up objection #5 as to enhancement for serious injuries received by victim.
Court reviews testimony of victim.
Court OVERRULES objection #5.

Defendant's counsel speaks in mitigation requesting probation.
Government requests sentence at the high end of the guidelines.
Court addresses the Defendant.
Sentence is stated.
Court will enter a Preliminary Order of Forfeiture and will make it a part of the judgment.
Defendant has no objection to statement of sentence other than those previously stated.
Sentence is ORDERED imposed as stated.
Defendant is advised of his right to appeal.
Defendant is recommitted to the custody of the U. S. Marshal.
Defendant's counsel orally moves to withdraw from the case on appeal.
Court orally DENIES the motion.
Court is adjourned.