[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

```
                          FILED
                   U.S. COURT OF APPEALS
                     ELEVENTH CIRCUIT
                       AUGUST 3, 2007
                      THOMAS K. KAHN
                          CLERK
```

No. 07-10543
Non-Argument Calendar

D. C. Docket No. 06-00152-CR-A-N

UNITED STATES OF AMERICA,

                Plaintiff-Appellee,

versus

HAROLD OLENDA PEAGLER,

                Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Alabama

**(August 3, 2007)**

Before TJOFLAT, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Harold Olenda Peagler appeals his 120-month sentence, imposed after he pled guilty to two counts of being a felon in possession of a firearm and one count

of being a felon in possession of ammunition, all in violation of 18 U.S.C. § 922(g)(1). On appeal, Peagler argues that the district court erred in failing to apply an additional one-level reduction for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1(b), because he timely notified the government of his intent to plead guilty, thereby allowing the government to avoid preparing for trial.

Peagler concedes that the government has the sole discretion to move for a one-level reduction pursuant to § 3E1.1(b) and acknowledges that we have indicated that we will not disturb a sentence based solely on the government's failure to move for such a reduction. Nonetheless, Peagler argues that we should be able to correct a defendant's sentence where, as here, the government abuses its discretion in failing to move for a reduction based on its extensive preparation for sentencing.

We review the findings by the district court regarding a reduction for acceptance of responsibility for clear error. United States v. Calhoon, 97 F.3d 518, 531 (11th Cir. 1996). A defendant bears the burden of establishing that he is entitled to a reduction for acceptance of responsibility. See United States v. Sawyer, 180 F.3d 1319, 1323 (11th Cir. 1999).

The guidelines provide for two separate reductions for acceptance of responsibility:

>   (a) If the defendant clearly demonstrates acceptance of responsibility

2

>   for his offense, decrease the offense level by 2 levels.
>
>   (b) If the defendant qualifies for a decrease under subsection (a), the offense level determined prior to the operation of subsection (a) is level 16 or greater, <u>and upon motion of the government</u> stating that the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying authorities of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the court to allocate their resources efficiently, decrease the offense level by 1 additional level.

U.S.S.G. § 3E1.1 (emphasis added). "Because the Government is in the best position to determine whether the defendant has assisted authorities in a manner that avoids preparing for trial, an adjustment under subsection (b) <u>may only be granted</u> upon a formal motion by the Government at the time of sentencing." <u>Id.</u>, comment. (n.6) (emphasis added). We have rejected a defendant's claim for an additional one-level reduction pursuant to § 3E1.1(b) where there was no government motion filed in support of such a reduction. <u>U.S. v. Wade</u>, 458 F.3d 1273, 1282 (11th Cir. 2006), <u>cert. denied</u>, 127 S.Ct. 2096 (2007).

It appears, however, that we are not precluded from reviewing for an abuse of discretion the government's refusal to file a motion for a reduction pursuant to § 3E1.1(b). <u>See</u> <u>Wade v. United States</u>, 504 U.S. 181, 185-86, 112 S.Ct. 1840, 1844, 118 L.Ed.2d 524 (1992) (holding, in the context of a motion for substantial assistance, that "federal district courts have authority to review a prosecutor's refusal to file [a discretionary] motion . . . if they find that the refusal was based on

3

an unconstitutional motive," such as the defendant's race or religion); see also United States v. Nealy, 232 F.3d 825, 831 (11th Cir. 2000).

However, upon review of the record and sentencing transcript, and upon consideration of the parties' briefs, we discern no reversible error because the government's refusal to file the relevant motion was permissible and was not based on an unconstitutional motive. Thus, the district court did not clearly err in refusing to grant the reduction for acceptance of responsibility.

**AFFIRMED.**

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia